THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK, APPELLEE, v. EAST SIDE COAL COMPANY, APPELLANT.

Submitted July 5, 1906—Decided November 12, 1906.

1. In a suit for a penalty under an act entitled "An act for the protection of purchasers of coal" (*Pamph. L.* 1900, *p.* 27), it is not necessary to show knowledge of the defendant of the short weight.
2. The evidence in the case *held* to show that the driver of the wagon who delivered the coal was the agent of the defendant.

On appeal from the First District Court of Newark.

This case was heard in the First District Court of Newark, before his honor Thomas L. Raymond, judge of said court, who decided the same in an opinion, in substance, as follows:

"This action was brought to recover the penalty of $50 provided for in an act entitled 'An act for the protection of purchasers of coal.' *Pamph. L.* 1900, *p.* 27.

"It is not denied by the defendant that it attempted to deliver one thousand six hundred and eighty pounds of coal to one Leah Waseman for an order for a net ton of two thousand pounds, the only defence being that the attempted delivery of short weight was caused through mistake, and that

the defendant did not knowingly commit the offence for this reason. It is further urged that the proofs show that the driver who delivered the coal was an independent contractor, and that the doctrine of *respondeat superior* does not apply to independent contractors.

"I will first dispose of the case on the question of whether the defendant's knowledge of the short delivery is a necessary prerequisite to finding him guilty of the offence charged.

"In the case of *Halsted* v. *State,* 12 *Vroom* (at *p.* 592), Chief Justice Beasley says: 'As there is an undoubted competency in the lawmaker to declare an act criminal, irrespective of the knowledge or motion of the doer of such act, there can be, of necessity, no judicial authority having power to require, in the enforcement of the law, such knowledge of motion to be shown. In such instance the entire function of the court is to find out the intention of the legislature, and to enforce the law in absolute conformity to such intention.'

"And further on, in the same case, he says: 'The course of the inquiry, therefore, has led to this point—is there anything in the language of the statute not to be construed, or in the legislative design displayed in it, or in the consequences, if its terms are construed strictly, by force of which this court can limit its operation to those only who act with consciousness of violating the law?'

"A question very similar to the one under consideration arose in the case of *Waterbury* v. *Newton,* 21 *Vroom* 536, wherein Mr. Justice Dixon said: 'In *Halsted* v. *State,* 12 *Vroom* 552, the Court of Errors laid down the principle that in regard to statutory offences the defendant's knowledge of all the physical facts which go to constitute the offence is not essential to guilt unless made so by a proper construction of the statute itself.'

"If, therefore, in construing the act a legislative intent to make only those guilty who knowingly violate the act is not found, it is plain that the defence which has been offered in this case cannot be received.

"As a guide in finding the intention of the legislature, I think the words of the act should be considered. Its title

is 'An act for the protection of purchasers of coal.' The primary object and purpose of the law was the protection of purchasers of coal. Does it afford a protection to those purchasers if the vendor may plead mistake, or that he did not knowingly attempt to deliver short weight? I think not. I can find nothing in the act itself which would have the effect of limiting its operation to those only who violate it knowingly. There is not the slightest indication of such a legislative intent. The words defining the offence and its penalty would seem to preclude such a construction beyond all doubt. They are: 'Any person, firm or corporation that shall sell or deliver, or attempt to sell or deliver, less than two thousand pounds by weight to a net ton * * * shall be liable to a penalty of fifty dollars for each offence.'

"This clearly refers alike to those who do so with guilty minds and those who do so innocently or through mistake.

"The defence, therefore, that this coal was delivered through mistake cannot be received.

"The defendant also insists that the evidence showed that the driver of the wagon was an independent contractor. While it is true that the testimony of the president of the defendant corporation showed that the defendant hired a man named Mutchell, with his wagon, to go to the coal pockets of the Delaware, Lackawanna and Western Railroad Company and procure this coal by delivering certain slips to the railroad company, and then to deliver the coal to the purchaser, I do not see that the mere fact that the man and the wagon were both hired, clothes the man with any other character than that of agent or servant. An examination of the slips will show that the East Side Coal Company designates Mutchell as a driver. While it is a very ingenious theory to advance under circumstances such as these, the real facts show that the driver was a servant or agent, and not an independent contractor.

"As a result of these conclusions, I find the defendant guilty of the offence charged, and judgment will be entered against it for the sum of $50."

Before Justices FORT, GARRETSON and REED.

For the appellee, *Frederick A. Lehlbach.*

For the appellant, *Louis Hood.*

PER CURIAM.

The judgment of the District Court of Newark, in this case, is affirmed, with costs, for the reasons given by the judge of the District Court, the substance of whose opinion we have placed at the head of this memorandum.